BRIAN LOWNEY
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 East Front Street, Suite 401
Missoula, MT 59801
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: brian.lowney@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25-47-M-DWM |
| Plaintiff, | |
| | PLEA AGREEMENT |
| vs. | (Rule 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure*) |
| MATTHEW RAY TACK, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Brian C. Lowney, Assistant United States

Attorney for the District of Montana, and the defendant, Matthew Ray Tack, and

the defendant's attorney, Shandor S. Badaruddin, have agreed upon the

following:

---

AUSA    DEF    ATTY    Date                                          Page 1

1.    **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.    **Charges:** The defendant agrees to plead guilty to counts 1 & 4 of the indictment (Doc. 2), each of which charges production of child pornography, in violation of 18 U.S.C. §§ 2251(a) & (e). Count 1 carries a mandatory minimum term of imprisonment of 25 years, a maximum term of 50 years imprisonment, a $250,000 fine, not less than five years to life of supervised release, a $5,000 special assessment, a $50,000 special assessment, and a $100 special assessment. Count 4 carries a mandatory minimum term of imprisonment of 25 years, a maximum term of 50 years imprisonment, a $250,000 fine, not less than five years to life of supervised release, a $5,000 special assessment, a $50,000 special assessment, and a $100 special assessment.

The defendant further agrees to plead guilty to counts 2 & 5 indictment (Doc. 2), each of which charges transfer of obscene material to minors, in violation of 18 U.S.C. § 1470. Count 2 carries a maximum term of 10 years imprisonment, a $250,000 fine, not more than three years of supervised release, and a $100 special assessment. Count 5 carries a maximum term of 10 years imprisonment, a $250,000 fine, not more than three years of supervised release, and a $100 special assessment.

| | | | |
|---|---|---|---|
| BW | WT | SSB | 12-12-25 |
| AUSA | DEF | ATTY | Date |

The defendant agrees to plead guilty to count 7 (Doc. 2), which charges receipt of child pornography, in violation 18 U.S.C. § 2252(a)(2). Count 7 carries a mandatory minimum term of imprisonment of 15 years, a maximum term of 40 years imprisonment, a $250,000 fine, not less than five years to life of supervised release, a $5,000 special assessment, a $35,000 special assessment, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 3 & 6 of the indictment.

3.    **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States a) moves to dismiss, and the Court agrees to dismiss, counts 3 & 6 of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 3 & 6 are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.    **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count 1 of the indictment (Doc. 2). In pleading guilty to count 1, the defendant acknowledges that:

AUSA    DEF    ATTY    Date                                    Page 3

First, at the time, Jane Doe 1 was under the age of eighteen years;

Second, the defendant employed, used, persuaded, induced, enticed, and coerced Jane Doe 1 to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct; and

Third, the defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce, or the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer, or the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

The defendant will plead guilty because the defendant is guilty of the charge contained in count 4 of the indictment (Doc. 2). In pleading guilty to count 4, the defendant acknowledges that:

First, at the time, Jane Doe 2 was under the age of eighteen years;

Second, the defendant employed, used, persuaded, induced, enticed, and coerced Jane Doe 2 to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct; and

Third, the defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce, or the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer, or the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

SSB   12-12-25

AUSA   DEF   ATTY   Date                                                    Page 4

The defendant will plead guilty because the defendant is guilty of the charges

contained in counts 2 & 5 of the indictment (Doc. 2).  In pleading guilty to counts 2

& 5, the defendant acknowledges that:

First, the defendant knowingly transferred obscene material;

Second, the defendant transferred obscene material to an individual less than sixteen years old;

Third, the defendant knew the other individual was less than sixteen years-old;

Fourth, the defendant knew at the time of the transfer the content, character, and nature of the material;

Fifth, the pictures transferred were obscene; and

Sixth, the defendant knowingly used any means or facility of interstate commerce to transfer the obscene material.

The defendant will plead guilty because the defendant is guilty of the charge

contained in counts 7 of the indictment (Doc. 2).  In pleading guilty to count 7

defendant acknowledges that:

First, that the defendant knowingly received a visual depiction of a minor engaged in sexually explicit conduct;

Second, the defendant knew the visual depiction contained in the matter was of and showed a minor engaged in sexually explicit conduct;

Third, the defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and

Fourth, that the visual depiction had been transported using any means or facility of interstate commerce or in or affecting interstate commerce.

5.      **Waiver of Rights by Plea:**

(a)      The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)      The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)      The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d)      The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)      If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

| BCL | MT | SSB | 12-12-25 | |
|------|-----|------|----------|---|
| AUSA | DEF | ATTY | Date | Page 6 |

(f)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)    At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)    If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold

that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)    If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.    **Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments and recommendations at the time of sentencing including.  The defendant understands that the Court is not bound by any recommendations made by any party.

AUSA    DEF    ATTY    Date                                    Page 8

7.      **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.      **Waiver of Appeal of the Sentence – Unconditional:**  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9.      **Agreement as to Restitution:**  The defendant understands that restitution to the victims of the crimes charged in the indictment is mandatory and

agrees to be responsible for complete restitution, notwithstanding the agreement of the United States to move to dismiss any counts of the indictment. 18 U.S.C. §§ 3663A(a)(1), (c)(2).

The defendant agrees to pay restitution in the amount of no less than $3,000 per victim to any victim who may be identified and who requests restitution prior to sentencing. 18 U.S.C. § 2259. If the total number of victims results in an amount of restitution exceeding $100,000 total, neither party shall be bound by this paragraph and the restitution amount will be litigated or renegotiated.

The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties or restitution are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that it is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.

10.     **Agreement as to financial disclosures, forfeiture, and substitute assets.** The defendant agrees to the following:

(a)     The defendant agrees to truthfully complete the financial statement form provided by the United States Probation Office.  The defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  The defendant agrees to update the U.S. Attorney's Office with any material changes in circumstances, within seven days of the event giving rise to the changed circumstances at any time following this agreement, prior to or following sentencing.  The defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §3E1.1.

(b)     The defendant agrees that the U.S. Probation Office may release to the Financial Litigation Program of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant.  The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office,

AUSA     DEF     ATTY     Date                                              Page 11

in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

11.    **Forfeiture:** The following property is subject to forfeiture as a result of the criminal conviction in this matter. The defendant agrees to abandon all right title and interest in the property:

1.  MSI laptop, S/N #1909N0035017 with charger cord
2.  Motorola Edge phone with IMEI 350377181093533
3.  Black iPhone A1387
4.  Black Samsung phone with IMEI 353486110283920
5.  256 GB iPhone storage drive

The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

12.    **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. **Sexual Offender Requirements and Agreement to Comply:** Prior to sentencing, the defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators. In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement. The defendant agrees that the entire evaluation and all testing will be released to the Court, the United States Attorney's Office, and the United States Probation Office prior to sentencing.

14. **Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 34 U.S.C. §

20914(c). The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

16. **Detention/Release After Plea:** The defendant acknowledges that the defendant will be detained pending the sentencing hearing.

17. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

18. **Waiver of Objection to Allocution Use in the Event of Withdrawal of Guilty Plea:** The defendant further agrees that any statements made by the defendant or on the defendant's behalf in the change of plea proceedings in this matter may be used against the defendant at a trial on the merits should the guilty plea be withdrawn. The defendant expressly waives any objection to such use under Rule 410, Federal Rules of Evidence, and Rule 11(f), Federal Rules of Criminal Procedure if the defendant successfully withdraws the plea entered pursuant to this agreement.

| BLL | NUT | SSB | 12-12-25 | |
|-----|-----|-----|----------|--|
| AUSA | DEF | ATTY | Date | Page 14 |

18.    **Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

BRIAN C. LOWNEY
Assistant U. S. Attorney
Date: _12/12/25_

MATTHEW RAY TACK
Defendant
Date: _12-12-25_

SHANDOR S. BADARUDDIN
Defense Counsel
Date: _12-12-25_

AUSA    DEF    ATTY    Date