**BRIAN C. LOWNEY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 E. Front St., Suite 401**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: brian.lowney@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 25-47-M-DWM** |
| **Plaintiff,** | |
| **vs.** | |
| | **OFFER OF PROOF** |
| **MATTHEW RAY TACK,** | |
| **Defendant.** | |

The United States, represented by Assistant U.S. Attorney Brian C. Lowney,
files the following offer of proof in anticipation of the change of plea hearing set in
this case on December 17, 2025.  Doc. 27.

1

**THE CHARGES.**  The defendant, Matthew Ray Tack, is charged by indictment with counts 1 & 4, production of child pornography, in violation of 18 U.S.C. §§ 2251(a) & (e); counts 2 & 5, transfer of obscene material to minors, in violation of 18 U.S.C. § 1470; counts 3 & 6, penalties for registered sex offenders, in violation of 18 U.S.C. § 2260A, and count 7, receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  Doc. 2.

**PLEA AGREEMENT.**  Tack intends to plead guilty to counts 1, 2, 4, 5, and 7 of the indictment, pursuant to a plea agreement, and admit forfeiture.  Docs. 24-26.  The United States presented all formal plea offers to defense counsel in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the final and most favorable offer extended to the defendant.  See *Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

**ELEMENTS.**  To convict Tack of count 1 at trial, the United States would have to prove the following elements beyond a reasonable doubt:

**First**, at the time, Jane Doe 1 was under the age of eighteen years;

**Second**, the defendant employed, used, persuaded, induced, enticed, or coerced Jane Doe 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

**Third**, the defendant knew or had reason to know that the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate and foreign commerce by any means, including by computer, or that the visual depiction was actually transported in interstate or foreign commerce, or in or affecting interstate or foreign commerce.

2

To convict Tack of count 4 at trial, the United States would have to prove the

following elements beyond a reasonable doubt:

**First**, at the time, Jane Doe 2 was under the age of eighteen years;

**Second**, the defendant employed, used, persuaded, induced, enticed, or coerced Jane Doe 2 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

**Third**, the defendant knew or had reason to know that the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate and foreign commerce by any means, including by computer, or that the visual depiction was actually transported in interstate or foreign commerce, or in or affecting interstate or foreign commerce.

To convict Tack of counts 2 & 5 at trial, the United States would have to prove the

following elements beyond a reasonable doubt:

**First**, the defendant knowingly transferred pictures of his penis;

**Second**, the defendant transferred pictures of his penis to an individual less than sixteen years old;

**Third**, the defendant knew the other individual was less than sixteen years-old;

**Fourth**, the defendant knew at the time of the transfer the content, character, and nature of the material;

**Fifth**, the pictures were obscene; and

**Sixth**, the defendant knowingly used any means or facility of interstate commerce to transfer the pictures.

To convict Tack of count 7 at trial, the United States would have to prove the following elements beyond a reasonable doubt:

> **First**, that the defendant knowingly received a visual depiction of a minor engaged in sexually explicit conduct;

> **Second**, the defendant knew the visual depiction contained in the matter was of and showed a minor engaged in sexually explicit conduct;

> **Third**, the defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and

> **Fourth**, that the visual depiction had been transported using any means or facility of interstate commerce, including a computer, or in or affecting interstate commerce.

**PENALTIES**. Counts 1 & 4 of the indictment each carry a minimum sentence of 25 years imprisonment and a maximum sentence of 50 years imprisonment, a $250,000 fine, not less than five years to a lifetime of supervised release, a $50,000 special assessment, a $5,000 special assessment, and a $100 special assessment. Counts 2 & 5 of the indictment each carry a maximum sentence of 10 years imprisonment, a $250,000 fine, not more than three years of supervised release, and a $100 special assessment. Count 7 of the indictment carries a minimum sentence of 15 years imprisonment and a maximum sentence of 40 years imprisonment, a $250,000 fine, not less than five years to a lifetime of supervised release, a $35,000 special assessment, a $5,000 special assessment, and a $100 special assessment.

**PROOF**.  If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

On March 14, 2024, law enforcement executed a search warrant at Matthew Tack's residence in Florence, MT, seizing therein several phones and a laptop belonging to Tack.  Law enforcement searched the laptop pursuant to a warrant and found three videos and 20 pictures which depicted minors engaged in sexually explicit conduct.  Some of the images and videos had creation dates that ranged from December 5, 2023, to May 8, 2024, indicating they were received on the laptop on those dates.  Several of the file paths indicated that at least some of the images were shared via applications like WhatsApp and Telegram.  Use of these applications occurs via the internet, and therefore these transmissions occurred in and affecting interstate and foreign commerce.

Additionally, forensic analysis of the laptop revealed that Tack had engaged in chats with minors on an online chat application, largely between 2021 and 2022.  These chats included Tack's solicitation from multiple minors of images and videos that depicted the minors engaged in sexually explicit conduct.  During this time, Tack was living at the same residence in Florence.  After execution of the March 2024 warrant, law enforcement served legal process on the company that

5

administered the application to obtain records of Tack's interactions.  Use of this application employs the internet, and therefore the transmission of the chats and sexually explicit images and videos occurred in and affecting interstate and foreign commerce.

In these chats, Tack consistently urged the minors with whom he was talking to send him sexually explicit images and videos.  For example, in a 2021 chat with a minor who indicated they were just entering the 10th grade, Tack told the minor that he wanted "lewd pics" of the child and that "I had hopes that later I could get you to send some".  Tack told the child "I'm horny a lot and it makes me wanna sext or get pics mostly".  Tack told the child that that his sexual interest in her was due (at least in part) to her age, saying "… young and hot, definitely my weakness."

Beginning on April 20, 2021, and continuing through October 9, 2021, Tack engaged in similar chats on the application with Jane Doe 1.  At the time of these chats, Jane Doe 1 was 13 years old.  Tack began their chat by immediately asking Jane Doe 1 for a picture.  He then sent several shirtless photos of himself and asked Jane Doe 1 "Could you take some".  At one point in the conversation, Tack told Jane Doe 1 "I want you to strip slowly, taking pics each step".  In total during this conversation, Tack sent Jane Doe 1 two pictures of his penis and Jane Doe 1 sent Tack three images of herself engaged in sexually explicit conduct, at Tack's behest.

Law enforcement located Jane Doe 1 and interviewed her.  Jane Doe 1 confirmed she likely sent the above-described images to Tack and identified herself in some the pictures law enforcement recovered from the records of the conversation described above.

Beginning on September 16, 2021, and continuing through February 19, 2022, Tack also engaged in similar chats on the application with Jane Doe 2.  At the time of these chats, Jane Doe 2 was 13 years old.  During these conversations, Tack exhorted Jane Doe 2 to send him images of herself engaged in sexually explicit conduct.  In one instance, Tack told Jane Doe 2 to "[s]et up your camera again, then bend over on your bed and kinda look other [sic] your shoulder… Ass towards the camera".  After Jane Doe 2 sent these pictures, she asked Tack "You promise your [sic] not gonna show these to anybody? … If you show someone we could get in trouble cause of age difference."  Tack reassured Jane Doe 2 that he would not show the images to anyone because of how "bad" the age difference between them was, and that "…we should not be doing this but we are… I could go to prison".

Later in the conversation, Tack sent Jane Doe 2 three pictures of his penis. Tack continued to cajole Jane Doe 2 to send him sexually explicit images of herself, specifically asking her to "Send a pic with your finger in your pussy, panties pulled to the side a bit".  After Jane Doe 2 did so, Tack followed up by saying "Could you do one more… Yes no panties and open your legs a bit".

7

Law enforcement located Jane Doe 2 and interviewed her.  Jane Doe 2 identified Tack by picture and confirmed she sent to Tack the images of herself engaged in sexually explicit conduct described above.

The government submits this evidence would prove beyond a reasonable doubt all the elements of the counts 1, 2, 4, 5 and 7.

DATED this 15th day of December 2025.

KURT G. ALME
United States Attorney


*/s/ Brian C. Lowney*
BRIAN C. LOWNEY
Assistant U.S. Attorney