IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>vs.<br>MATTHEW RAY TACK,<br>Defendant/Movant. | Cause No. CR 25-47-M-DWM<br><br>ORDER |

Pending before the Court is a 28 U.S.C. § 2255 Motion to Vacate Judgment filed by Matthew Ray Tack ("Tack"). (Doc. 51.) Tack, proceeding pro se, challenges the net 360-month sentence imposed for his convictions of Production of Child Pornography (Count 1), Transfer of Obscene Material to Minors (Count 2), Production of Child Pornography (Count 4), Transfer of Obscene Material to Minors (Count 5), and Receipt of Child Pornography (Count 7), following his guilty pleas. *See, Judg*. (Doc. 353); *see also*, Plea Agreement (Doc. 24 at 2-3.) Tack did not file a direct appeal.

This Court engaged in a preliminary screening of the matter. *See*, (Doc. 54.) Tack was advised that exclusionary rule claims, including the bulk of Tack's claims seeking to challenge the search warrants in his criminal case, are generally not

cognizable in a 2255 proceeding. (*Id.* at 3-4.) Additionally, while it was unclear if Tack was attempting to advance an ineffective assistance of counsel claim, he was informed that he had failed to allege facts sufficient to support an inference that counsel performed deficiently or that he was prejudiced by the deficient performance. The relevant pleading standards were explained to Tack. (*Id.* at 4-5.) Tack was provided 45 days within which to file an amended motion. (*Id.* at 5.)

Tack now seeks additional time to prepare an amended Section 2255 motion. (Doc. 55.) He asks that the original deadline/limitations period of April 24, 2027 be reinstated. (*Id.* at 1.) Tack explains that he has not yet obtained all the necessary documents to file his motion and that as a pro se litigant he needs all available time. (*Id.*) Tack further states that he has recently been transferred to a new facility and has limited access to the law library. Tack points out that since the United States has not yet appeared in this matter, they will not be prejudiced by his request. (*Id.* at 1-2.)

While this Court understands Tack's present situation, it is not inclined to keep the case on its docket in an inactive status for the next five months. The Court will, however, construe Tack's filing as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Tack has demonstrated good cause to dismiss this matter without prejudice, and the Court finds that Tack is cognizant of the relevant filing deadline. Tack may return to this Court and file a

Section 2255 motion if and when he has had time to research and adequately prepare. Accordingly, IT IS HEREBY ORDERED:

1. Tack's motion for extension of time (Doc. 55) is construed as motion pursuant to Fed. R. Civ. P. 41(a)(1)(B) and is GRANTED. Accordingly, Tack's motion to vacate (Doc 51) and pro se motion (Doc. 45) are DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is instructed to close the civil case that was opened in conjunction with the filing of Tack's § 2255 motion.

DATED this 25th day of November, 2026.

Donald W. Molloy, District Judge
United States District Court